## John H. Gernand v. A. W. Heinly and Herman Schmitt.

1. INSTRUCTIONS—*Where Taken as One Charge they Give the Law Reasonably Correct.*—Where all the instructions, taken as one charge, give the law of the case reasonably correct, the verdict will not be reversed on the ground of improper instructions.

2. NEGLIGENCE—*Question of Fact for the Jury.*—The question as to whether a fire was caused by the faulty construction of an electric device, or from other causes, is a question of fact for the jury.

Action in Case, for damages to a building by fire. Trial in the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Verdict and judgment for defendants; appeal by plaintiff. Heard in this court at the May term, 1899. Affirmed. Opinion filed Septemper 30, 1899.

SALMANS & DRAPER and KIMBROUGH & MEEKS, attorneys for appellant.

WILSON & BUCKINGHAM, attorneys for appellees.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This was an action on the case by appellant against appellees. The declaration contained five counts, each alleging that plaintiff was the owner of a building known as "The Golden Rule" dry goods store; that defendants were and had been for some time, tenants occupying same, and while so occupying said building they constructed in one of the display windows thereof a certain contrivance or device representing a lily, which opened and closed, being operated and lighted by means of electricity conducted by wires. The negligence charged in all the counts was, that the wires so used to conduct said electricity were of a defective quality, with insufficient insulation, and were so carelessly attached to the device that heat and sparks were emitted from them, which ignited the drapery in the window and set fire to and burned the building, to the damage of the plaintiff.

Appellees pleaded the general issue. Trial was had by jury, resulting in a verdict and judgment for appellees. Appellant brings this case to this court and urges a reversal of the judgment, for the reasons that:

1. The verdict is against the evidence, and

2. The court gave improper instructions on behalf of the appellees.

The evidence shows that appellant leased the building to appellees for a dry goods store, at a rental of $300 per month for a term of five years from July, 1893; that appellees constructed in one of the show windows thereof a certain device, called in the record "a lily," for advertising purposes, upon the leaves of which incandescent lamps; lighted by electricity, were attached; and that when in operation the lily opened and closed every two minutes. During the term, the building burned, and the evidence tended to show that the fire originated either in or about the lily, or just below the same, under the show window floor.

As to whether this fire was caused by a faulty construction of said device, or by said electric wires being improperly attached, or from other causes, was a question of fact for the jury, and we are not warranted, after an examination of the record, in saying their finding was incorrect.

We do not find that the court committed any reversible error in its rulings on the instructions. The eleventh instruction given on behalf of appellees is open to some criticism, but it does not contain reversible error, and we think, when all the instructions are taken as one charge, that they give the law of this case reasonably correct.

Appellant urges very strongly, as error, the giving of the second instruction asked by appellees, because it fails to tell the jury that the electric device complained of was an usual and dangerous one, but we think if the instruction had contained such a provision, it would have been error, as it was the province of the jury, and not the court, to say from the evidence whether or not this device and its use was dangerous and unusual, therefore the instruction as given by the court was proper. The judgment of the Circuit Court is affirmed.